UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ARYEH MINZER,

        Plaintiff,               **MEMORANDUM AND ORDER**

  - against -                17-cv-3763 (KAM)(RML)

SHAWARMA AVENUE BROOKLYN, INC. *d/b/a* MY
GRILL BAR; and TIMAR I, LLC,

        Defendants.
----------------------------------X

**MATSUMOTO, United States District Judge:**

        Plaintiff Aryeh Minzer ("plaintiff") initiated this lawsuit on June 22, 2017, against Shawarma Avenue Brooklyn, Inc., *d/b/a* My Grill Bar ("Defendant Shawarma Ave. Brooklyn"), and Timar I, LLC ("Defendant Timar") (collectively, "defendants"). (ECF No. 1, Complaint.) After being granted an extension of time (ECF Order, Granting Motion for Extension of Time to Answer, dated 8/1/2017), Defendant Shawarma Ave. Brooklyn filed an answer to the complaint on August 1, 2017. (ECF No. 11, Defendant Shawarma Ave. Brooklyn's Answer, dated 8/1/2017.)

        On August 22, 2017, plaintiff's attorney filed a motion to withdraw as attorney. (ECF No. 12, Motion to Withdraw as Attorney, dated 8/22/2017.) On August 25, 2017, Magistrate Judge Levy granted plaintiff's attorney's motion to withdraw as attorney and directed plaintiff to "advise the court in writing

1

no later than 9/29/[20]17 whether he wishes to continue with this lawsuit. If he does, he shall either find an attorney or be prepared to proceed at the next conference . . . . Failure to comply with this Order may result in the dismissal of this lawsuit for failure to prosecute." (ECF Order, dated 8/25/2017.) Plaintiff did not advise the court by September 29, 2017 whether he intended to continue with the lawsuit. Additionally, plaintiff did not appear for the October 10, 2017 conference referred to in the August 25, 2017 Order.

Following plaintiff's failure to advise the court and failure to appear, Magistrate Judge Levy issued a Report and Recommendation on October 10, 2017. (ECF Entry, Report and Recommendation, dated 10/10/2017.) The Report and Recommendation recounted the contents of the August 25, 2017 Order and noted plaintiff's failure to comply with that Order. (*Id.*) It also noted that "[m]onths have now passed during which plaintiff has failed to communicate with his attorney or the Court or to comply with basic court orders. It is apparent that plaintiff has abandoned this case." (*Id.*) Accordingly, Magistrate Judge Levy recommended that this case be dismissed for failure to prosecute and gave the parties until October 24, 2017 to file any objections. (*Id.*) The Report and Recommendation was mailed to plaintiff on October 16, 2017. (ECF Entry, dated 10/16/2017.) None of the parties filed

objections to the Report and Recommendation by Magistrate Judge Levy's deadline of October 24, 2017.

On October 30, 2017, the court issued another order, recounting the procedural history in this action, and warning that if plaintiff did not file any objections to the Report and Recommendation by November 6, 2017, the matter would be dismissed with prejudice for failure to prosecute. (ECF Order, dated 10/30/2017.) A copy of the Order was mailed to plaintiff on October 31, 2017. (ECF Entry, dated 10/31/2017.) No objections were filed by November 6, 2017. On November 15, 2017, the court issued its final warning to plaintiff. The court recounted the procedural history in this action and gave plaintiff until November 22, 2017 to file objections. (ECF Order, dated 10/15/2017.) The Order also advised plaintiff that "[f]ailure to file objections within the specified time waives [plaintiff's] right to appeal the district court's order." (*Id.*) A copy of the Order was mailed to plaintiff on November 16, 2017. (ECF Entry, dated 11/16/2017.) Plaintiff did not file any objections by November 22, 2017.

A district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). Where no objections are made, the court may adopt the Report and Recommendation without *de novo* review, *see Thomas*

*v. Arn*, 474 U.S. 140, 150 (1985), and need only review for clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. 2005).

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order . . . ." Fed. R. Civ. P. 41(b); *see also Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (explaining Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as failure to prosecute." (citing *Link v. Wabasha R.R. Co.*, 370 U.S. 626, 633 (1962)) (additional citation omitted)). "Although not explicitly authorized by the rule, such dismissals may be made *sua sponte*" by the district court. *Storey v. O'Brien*, 482 F. App'x 647, 648 (2d Cir. 2012). In assessing whether dismissal is proper, the court considers whether: "(1) the duration of plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) [it] adequately assessed the efficacy of lesser actions." *Drake v.*

*Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2015). Generally, no single factor is dispositive. *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014).

Here, the factors weigh strongly in favor of dismissal. First, plaintiff has failed to take any action to move this case forward since filing it nearly six months ago. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-67 (2d Cir. 1980) (noting failure to take action to move case forward for six months warranted Rule 41(b) dismissal); *Sadhoo v. Triport International Aircraft Ground Equipment Repairs, Inc.*, No. 15-cv-2832, 2016 WL 3752959, at *2 (E.D.N.Y. June 14, 2016), *report and recommendation adopted,* No. 15-cv-2832, 2016 WL 3766299 (E.D.N.Y. July 8, 2016) (finding plaintiff's failure to communicate with the court or counsel for over three months militated in favor of Rule 41(b) dismissal). Second, plaintiff was warned that failure to comply with the court's August 25, 2017 Order to advise the court whether plaintiff intended to proceed with the case and to appear before the court, as well as failure to object to Magistrate Judge Levy's Report and Recommendation, would result in dismissal of this action for failure to prosecute. (*See* ECF Order, dated 8/25/2017; ECF Report and Recommendation, dated 10/10/2017; ECF Order, dated 10/30/2017; ECF Order, dated 11/15/2017.) Third, "[p]rejudice to defendants resulting from unreasonable delay may be

presumed." *Lauren S. v. Woodlick*, No. 13-cv-4164, 2014 WL 5878108, at *4 (E.D.N.Y. Nov. 12, 2014) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). The plaintiff has failed to comply with court orders starting in September 2017 when he failed to advise the court of how he intended to proceed with his action and failed to appear at an October 2017 status conference. Fourth, Magistrate Judge Levy's August 25, 2017 warning regarding dismissal for failure to prosecute, his Report and Recommendation, and this court's two extensions for time to object to the Report and Recommendation provided plaintiff sufficient opportunity to be heard when balanced against the court's need to avoid calendar congestion and ongoing efforts to seek responsive action from the plaintiff. *See Davis v. Town of Hemstead*, 597 F. App'x 31, 31 (2d Cir. 2015) (finding multiple extensions and three opportunities to be heard sufficient when weighed against need to alleviate court congestion). Fifth, the court has considered whether less drastic sanctions are appropriate, and concludes they are not, in light of plaintiff's lack of communication with the court. *See id.* ("[G]iven plaintiff's repeated disregard for the court's instructions, no sanction less severe than dismissal would suffice."). None of the court's notices has been returned and there is no indication that plaintiff's address has changed.

6

For the foregoing reasons, the balance of the factors weighs heavily in favor of dismissal.  Accordingly, the court finds no clear error in Magistrate Judge Levy's Report and Recommendation dated October 10, 2017, and adopts it in its entirety.  The action is dismissed with prejudice for failure to prosecute.  The Clerk of the Court is respectfully directed to enter judgment dismissing this action, serve a copy of this order and the judgment on *pro se* plaintiff, note service on the docket, and close the case.
**SO ORDERED.**

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York


Dated: January 12, 2018
       Brooklyn, New York